## SUPREME COURT.

### Hoge & Robb agt. Page and others.

A *sheriff*, under an *attachment*, is not entitled to *poundage* in any case, except when the property attached is *actually sold*.

But after the *levy* upon an attachment (for which he is entitled to fifty cents) he is entitled to a "compensation for his trouble and expenses, in taking possession of and preserving the property," whether sold or not; which compensation must be fixed by the officer issuing the attachment.

*New-York Special Term, July*, 1855.

THE plaintiffs' claim in this case was $45,000.

An attachment under the Code, against the defendants, as non-resident debtors, was issued, and stocks to the amount of $8,000 levied on by the sheriff. The plaintiffs then compromised their claim for $22,500, upon which the suit was settled. The sheriff's bill for services and fees under the attachment is presented for adjustment. He claims to be allowed poundage upon the $22,500. The plaintiffs claim that he shall charge poundage only on the $8,000. This is the only question raised or presented for adjudication here.

—— —————— *for sheriff.*
—— —————— *opposed.*

COWLES, Justice. By the Code, § 243, it is provided, that the sheriff shall receive the "same fees and compensation for services, and the same disbursements under this title (*title VII.*) as are allowed by law for like services and disbursements under the provisions of chapter 5, title 1, part 2, of the Revised Statutes."

The class of cases treated of in chapter 7 of the Code, are,

1. Arrest and bail.

2. Claim and delivery of personal property.

Hoge & Robb agt. Page and others.

3. Injunction.

4. Attachment

5. Provisional remedies.

The sheriff, under this attachment against these non-resident debtors, is entitled to receive the same fees, &c, he would for *like* services under chapter 5, title 1, part 2, of the Revised Statutes.

The services in that part of the Revised Statutes which are *like* those performed by the sheriff in this case, will be found at 2 *R. S.* 3, §§ 1–12, and relate to attachments against absent, concealed, and non-resident debtors.

The compensation of the sheriff for his services under those provisions of the Revised Statutes is provided for at 2 *R. S.* 646 ; which provision is in these words :—

" For serving an attachment against the property of a debtor under the provisions of chapter 5 of the 2d part, or against a ship or vessel, under the provisions of the 8th title of chapter 8 of part 3d, fifty cents, with such additional compensation for his trouble and expenses in taking possession of and preserving the property attached, as the officer issuing the warrant shall certify to be reasonable. And when the property so attached shall afterwards be sold by the sheriff, he shall be entitled to the same poundage in the sum collected as if the sale had been made under an execution."

There is nothing in the laws of 1850, (*p.* 404,) amending the Revised Statutes, which affects in any respect the question as to the poundage here charged.

A slight examination of the several sections above cited will show that the sheriff cannot, under an attachment, charge poundage in any case, except when the property attached is actually sold. After levying under his attachment, he is to receive fifty cents, and " such additional compensation for his trouble and expenses in taking possession of, and preserving the property, as the officer issuing the warrant shall certify to be reasonable."

This being done, he receives nothing further unless the " property so attached shall afterwards be sold by him," in

which case he is entitled to receive the same poundage as on moneys collected on execution.

The proper course, therefore, for the sheriff to pursue, after making his levy under an attachment, is to apply to the officer issuing it to fix the amount of compensation, for his trouble and expenses in taking possession of, and preserving the property attached. That compensation the sheriff is entitled to receive as soon as it is fixed, whether the plaintiff proceeds further in the suit or not, and without waiting the determination of the action. If, after this, the property shall still be sold, the sheriff is then entitled, over and beyond what the officer issuing the warrant has allowed him, to receive his poundage on the amount collected by such sale.

In this case, there having been no sale, the sheriff is not entitled to poundage. He must apply to the officer who issued the warrant, to fix the amount he is entitled to receive.

An order will be made to that effect.